QUESTIONS: 1. Will it meet the statutory requirements of s. 570.151(2), F. S., and Ch. 943, F. S., for the Police Standards and Training Commission to approve a special training program for the road-guard inspection special officers performing duties prescribed in Ch. 570, F. S., rather than requiring such officers to undergo the full training course required for full-time police officers? 2. Do the road-guard inspection special officers of the Road Guard Inspection Bureau who were employed as roadguard inspectors prior to January 1, 1974, have to meet the physical and educational requirements now prescribed by the Police Standards and Training Commission?
SUMMARY: Agriculture road-guard inspection special officers whose enforcement powers are narrowly limited by s. 570.151(2), F. S., may be trained in their enforcement duties in courses approved by the Police Standards and Training Commission which are shorter than the 320-hour courses required for police officers as defined in s. 943.10, F. S. Road-guard inspection special officers of the Road Guard Inspection Bureau who were employed as road-guard inspectors prior to January 1, 1974, do not have to meet the physical and educational requirements prescribed by the Police Standards and Training Commission. Initially, I consider it appropriate to note that Ch. 570, F. S., narrowly defines the duties of the road-guard special officers. Section 570.151(2), F. S., in pertinent part reads as follows: 570.151 Appointment and duties of road-guard inspection special officers. — * * * * * (2) All such special officers shall have power and authority to make arrests, with or without warrants as provided in s. 570.15, for violations of law committed within the jurisdiction of s. 570.15
to the same extent and under the same limitations and duties as do peace officers under the provisions of chapter 901 and all such special officers shall have the right and authority to carry arms while on duty, provided such officers shall meet the requirements of the Police Standards and Training Commission established under s. 943.11. . . . It is also important to note the provisions of s.943.10(1), F. S., reading as follows: 943.10 Definitions; ss.943.09-943.24. — (1) "Police officer" means any person employed full time by any municipality or the state or any political subdivision thereof, whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state.
A simple comparison reveals that the road-guard inspection special officers' duties do not fall within the descriptive language quoted immediately above, that is to say they are not engaged in the "prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state." Accordingly, one must consider that the legislative reference to training mandated by the Police Standards and Training Commission found in s. 570.151(2), supra, should be measured as against the responsibilities placed upon them by the law first quoted above. In other words, if they do not perform the functions of line police officers or law enforcement personnel as contemplated by Ch. 943, F. S., the compliance with police standards must be something less than is generally required. This would seem to follow as a logical result, because if law enforcement officers as contemplated by s. 943.10(1), supra, are required to complete the current 320-hour course because they do those things contemplated thereby, then the Legislature could not be presumed to have required the same amount of training for people whose duties are very narrowly circumscribed and indeed apply only to the inspection of vehicles carrying agricultural, horticultural, and livestock products. Section 943.25(1), F. S., reads in pertinent part as follows: 943.25 Advanced training; program; costs; funding. — (1) The Division of Standards and Training is directed to establish and supervise, as approved by the commission, an advanced and highly specialized training program for the purpose of training police officers and support personnel . . . . I consider this is an additional predicate based upon which the Police Standards and Training Commission may approve a special training program determined as a result of consultation with the people in your department whose responsibilities were made the object of your inquiry. It should be understood that whatever training schedules may be determined as appropriate in the circumstances would of necessity require some explanation to the individuals who will serve as your special guards. Individuals performing those duties for your department cannot be included in any salary incentive program such as is contemplated by s. 943.22, F. S., for the reason that they are not local law enforcement officers as defined therein. An added reason that they could not qualify for salary incentive is the simple fact that they would not be receiving the 320-hour course mandated by Ch. 943, F. S., and the rules and regulations of the Police Standards and Training Commission. Individuals performing those duties for your department would not be circumstanced so as to be permitted to participate in revenue sharing as contemplated by Part II of Ch. 218, F. S. I would also advise those individuals circumstanced as are those about whom you write that they do not fall within the provisions of ss. 112.531-112.534, F. S., often referred to as the "Policeman's Bill of Rights." Your second question is answered in the negative.